# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

CATHERINE TABOR  
*Plaintiff*

v.     Case No. 1:19-CV-192-LY-SH

WELLS FARGO BANK, N.A.  
*Defendant*

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
    **UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Motion to Dismiss, filed on May 14, 2019 (Dkt. No. 8); Plaintiff's Response to Defendant's Motion to Dismiss, filed on May 23, 2019 (Dkt. No. 9); and Defendant's Reply in Support of its Motion to Dismiss, filed on June 6, 2019 (Dkt. No. 11). On July 18, 2019, the District Court referred all pending and future dispositive motions in this case to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    BACKGROUND

In 2002, Plaintiff Catherine Tabor ("Plaintiff") obtained a home equity loan ("Loan") in the amount of $210,000 from World Savings Bank, F.S.B. secured by her real property located at 1608 Hartford Road, Austin, Texas 78703 (the "Property"). Defendant Wells Fargo Bank, N.A. ("Defendant") is the current holder of the Loan and related Deed of Trust. In 2005, Plaintiff alleges that she "fell upon hard times . . . [and] got behind in her mortgage payments," thereby defaulting on her Loan. Dkt. No. 1-1 at ¶¶ 11and 15. Plaintiff alleges that she has been "fighting to retain the

Property" for the last thirteen years. *Id.* at ¶ 11. Since 2005, Plaintiff has filed four separate bankruptcy cases and two civil lawsuits in state court to prevent the foreclosure on the Property. *Id.*

In 2016, Defendant filed a state court action pursuant to Texas Rule of Civil Procedure 736.1 seeking foreclosure of the Property due to Plaintiff's default on the Loan. *See In re: Order of Foreclosure Concerning 1608 Hartford Road, Austin, Texas 78703*, No. D-1-GN-17-006077 (98th Dist. Ct. Travis County, Tex. 2016). On August 3, 2017, Plaintiff entered into an "Agreed Order Allowing Foreclosure" allowing Defendant to foreclose on the Property on or after November 7, 2017. Exh. K to Dkt. 1-1 ("Foreclosure Order"). However, on January 31, 2019, Plaintiff filed the instant lawsuit in state court in order to stay the Foreclosure Order. *See Tabor v. Wells Fargo*, N.A., D-1-GN-19-000573 (98th Dist. Ct. Travis County, Tex. Jan. 31, 2019).

In this lawsuit, Plaintiff alleges that Defendant has made accounting inconsistencies and misrepresentations regarding the amount needed to reinstate her Loan. Specifically, Plaintiff alleges that payments she made to the bankruptcy trustee in her most recent Chapter 13 bankruptcy were not appropriately reflected in Defendant's statements regarding her Loan. Plaintiff also alleges that there are several inconsistencies in the accounting of her Loan related to the payoff and reinstatement amounts. Plaintiff also contends that Defendant misrepresented that it would stay foreclosure and allow her to pay off her Loan if she agreed to the Foreclosure Order as part of the 2016 foreclosure proceedings. Plaintiff's Petition alleges claims for trespass to try title, breach of contract, negligent misrepresentation, common law fraud, statutory fraud, wrongful foreclosure, and a violation of the Texas Deceptive Practices Act ("TDTPA"), and seeks injunctive and declaratory relief to enjoin Defendant from foreclosing on the Property.

On March 1, 2019, Defendant removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On May 14, 2019, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state any plausible claims for relief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.   ANALYSIS

### A. Trespass to Try Title

Plaintiff alleges a trespass to try title claim and to remove cloud on title under § 22.001(a) of the Texas Property Code. Plaintiff alleges that she is the lawful owner of the Property and that "Defendant does not possess and was not transferred the right pursuant to the Deed to Trust and therefore does not have the power of sale to foreclose on the Property." Dkt. No. 1-1 at ¶ 36.

A trespass to try title action is the method of determining title to lands, tenements, or other real property. Tex. Prop. Code Ann. § 22.001(a) (West 2014). "In general, the action of trespass to try title is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (quoting *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App.—Corpus Christi 1978, no pet.)). "A suit to quiet title—also known as a suit to remove cloud from title—is an equitable action that clears a valid title against a defendant's invalid claim to the property." *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012)

To prevail on a trespass to try title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell v. Bank of Am. Home Loan Servicing*, 2012 WL 568755, at *6 (S.D. Tex. Feb. 21, 2012)). In both types of actions, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (citations omitted).

In the instant case, Plaintiff has alleged no facts to support her allegation that the Defendant does not possess and was not transferred the Deed of Trust in this case. In fact, Defendant has provided the Court with judicially noticeable facts[1] that it is in fact the successor in interest to the Deed of Trust. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (noting that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"). Accordingly, Plaintiff's trespass to try title and quiet title claims fail. *See Olaoye v. Wells Fargo Bank, NA,* 2012 WL 1082307, at *4 (N.D. Tex. April 2, 2012) ("Because the allegations in Olaoye's petition, along with the facts of which the Court has taken judicial notice, do not establish that Olaoye has superior title to the mortgage property, his claims for trespass to try title and suit to quiet title should be dismissed.").

Plaintiff's trespass to try title claims also fail because she has failed to allege that she has lost possession of the Property. Indeed, Plaintiff has affirmatively pled that she "[c]urrently lives and works from the Property." Dkt. No. 1-1 at ¶ 22. Since Plaintiff has failed to allege that she has lost possession of the Property, her claim for trespass to try title fails. *See Hurd*, 880 F. Supp. 2d at 767 (finding that failure to allege loss of possession results in a failure to state a trespass to try title claim). Accordingly, Plaintiff's trespass to try title claim and quiet title claim should be dismissed.

**B. Breach of Contract**

To sufficiently plead a breach of contract claim, a plaintiff must set forth allegations that show: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

---

[1] *See* Exh. A to Dkt. No. 8.

Plaintiff alleges that Defendant breached paragraph 34 of the Deed of Trust ("Paragraph 34") by failing to provide Plaintiff with "a consistent and accurate reinstatement/payoff amount" after she failed to make her monthly mortgage payments. Dkt. No 1-1 at ¶ 37. Thus, Plaintiff argues that Defendant did not allow Plaintiff to cure the default of the loan. However, Plaintiff fails to allege any facts showing that Defendant breached the Deed of Trust.

Paragraph 34 details the rights of the *Lender* in the event the *Borrower* breaches the Deed of Trust by failing to pay "the full amount of each monthly payment on the date it is due." Exh. B to Dkt. No. 1-1 at ¶ 34. If there is such a breach, Paragraph 34 provides that the "Lender may accelerate the indebtedness evidenced by the Note and demand immediate payment of all Sums Secured or described below." *Id.* Paragraph 34 also states that the Lender shall give the Borrower notice "prior to acceleration" of the following:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the Sums Secured and commencement of the Lender's remedies hereunder.

*Id.* Thus, this provision relates to notice requirements prior to acceleration. Plaintiff does not allege that that Defendant failed to comply with the above notice requirements before instituting the acceleration proceedings in this case.

Notably, Paragraph 34 does not require Defendant to provide Plaintiff a reinstatement quote post-acceleration. "Though a 'duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract,' there is not any 'precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust.'" *Dick v. Colorado Hous. Enters, L.L.C.*, 2019 WL 2909232, at *2 (5th Cir. July 5, 2019) (rejecting plaintiff's breach of contract claim where the Deed of Trust

did not contain any explicit obligation of the defendants to notify the plaintiff of the reinstatement amount) (quoting *Graves v. Logan*, 404 S.W.3d 582, 585-86 (Tex. App.—Houston [1st Dist.] 2010, no pet.)).

In addition, regarding the ability to cure the default, the Deed of Trust does not require the Lender to "discuss options with Defendant" regarding the payoff amount as Plaintiff alleges, or to negotiate a loan modification agreement. *See Suarez v. U.S. Bank Tr. Nat'l Ass'n*, 2019 WL 1048854, at *5 (W.D. Tex. Mar. 4, 2019) (dismissing plaintiff's breach of contract claim against lender where plaintiff failed to identify a provision of the deed of trust that imposed a requirement on defendant to modify the loan amount in the event of default), *report and recommendation adopted*, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019); *Smith v. JPMorgan Chase Bank, N.A.*, 2016 WL 11472828, at *7 (E.D. Tex. Aug. 11, 2016) ("Defendants are under no duty, nor obligation, to negotiate or enter into a loan modification with Plaintiff under the Deed of Trust and failure to do so is not a breach."), *report and recommendation adopted*, 2016 WL 4974899 (E.D. Tex. Sept. 19, 2016), *aff'd*, 699 F. App'x 393 (5th Cir. 2017); *Swim v. Bank of America, N.A.*, 2012 WL 170758, at *4 (N.D. Tex. Jan. 20, 2012). Accordingly, Plaintiff has failed to allege sufficient facts to support her breach of contract claim.

Even if Plaintiff had demonstrated that Defendant's failure to provide accurate reinstatement/payoff amounts violated the Deed of Trust, her breach of contract claim would still lack merit because no foreclosure sale has occurred in this case. Therefore, plaintiff cannot establish damages sustained as a result of the alleged breach of contract. *See Blakeney v. Wells Fargo Bank, N.A.*, 2012 WL 6691122, at *5 (S.D. Tex. Dec. 21, 2012) (mortgagor failed to state a claim for breach of contract based on alleged failure to provide notice of default where mortgagor did not allege that mortgagee moved forward with foreclosure); *Peoples v. BAC Home Loans*

7

*Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (holding mortgagor failed to establish she actually sustained damages for breach of contract claim where mortgagor admitted no foreclosure had occurred, she remained in continuous possession and occupation of the residence, and title remained in her name). Plaintiff has failed to allege any facts to show that she suffered any damages as a result of the alleged breach of Paragraph 34. Accordingly, Plaintiff has failed to allege a plausible breach of contract claim in this case.

C. **Negligent Misrepresentation**

Plaintiff also asserts a negligent misrepresentation claim against Defendant. Plaintiff's Petition alleges that Defendant "failed to provide Plaintiff the opportunity to cure the default or the 'Breach of Duty' as provided for in the Deed of Trust paragraph 34," and that Defendant "supplied false information to the Plaintiff in the course of their business and did not exercise reasonable care in communicating the information . . . and did not allow Plaintiff to cure the alleged default." Dkt. No. 1-1 at ¶ 38.

> A cause of action for negligent misrepresentation in Texas requires:
>
> > (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). In Texas, the economic loss rule may bar recovery for negligent misrepresentation claims. *Hurd*, 880 F. Supp. 2d at 763. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Id.* (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach

8

of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006).

Plaintiff's claim that Defendant's misrepresentations prevented her from paying off the Loan and curing the default merely repackages her breach of contract claim as a negligent misrepresentation claim. Plaintiff's negligent misrepresentation claim rests on her allegation that the Defendant breached their Loan Agreement, and the alleged loss complained of is the subject matter of that Loan Agreement. Accordingly, her claim is barred by the economic loss rule. *See Dick*, 2019 WL 2909232, at *4 (holding that plaintiff's negligence claim was barred by the economic loss rule where "plaintiff's claim that these misrepresentations prevented her from reinstating the loan merely repackages her claim for breach of contract based on the duty to cooperate"); *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 634 (N.D. Tex. 2010) (finding that plaintiff could not recover under Texas law for negligent misrepresentation where mortgagor's injuries were only for economic loss to the subject matter of his contract with loan servicer and mortgagee, and thus his claim sounded only in contract).

**D. Common Law Fraud**

Plaintiff's common law fraud claim is virtually identical to her negligent misrepresentation claim. Again, Plaintiff alleges that Defendant made false representations about Plaintiff's reinstatement and payoff amount that prevented her from curing any default on her Loan. Dkt. No. 1-1 at ¶ 39.

Under Texas law, "[a] fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury."

*Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Like her negligent misrepresentation claim, Plaintiff's common law fraud claim is based on the same allegations as her breach of contract claim. The alleged misrepresentations that Plaintiff alleges caused her injury in this case are directly related to the parties' Loan Agreement and arise solely from her contractual relationship with Defendant. Accordingly, this claim is also barred by the economic loss rule. *See Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x 410, 413 (5th Cir. 2016) (finding that plaintiff's fraudulent misrepresentation claims were barred by the economic loss rule because the alleged loss complained of was based on the subject matter of the loan agreement between the parties); *Payne v. Wells Fargo Bank Nat'l Ass'n*, 637 F. App'x 833, 837 (5th Cir. 2016) (holding that economic loss rule precluded plaintiff's fraud claim against bank that foreclosed on plaintiff's home where alleged misrepresentations were directly related to the deed of trust and arose solely from her contractual relationship with the bank).

### E. Statutory Fraud/Fraud in Real Estate

Like her previous claims, Plaintiff's statutory fraud/fraud in real estate claim alleges that the Defendant made false representations about Plaintiff's reinstatement and payoff amount which prevented her from curing any default on her Loan. Dkt. No. 1-1 at ¶ 40. Plaintiff alleges that these false representations violated § 27.01(a)(2) of the Texas Business and Commerce Code. However, this statute "by its own terms applies only to fraud in real estate or stock transactions," and a "loan transaction, even if secured by land, is not considered to come under this statute." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *see also Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 856 (N.D. Tex. 2006) ("It is well established that a cause of action for statutory fraud does not arise from a transaction between a mortgagor and a mortgagee because such a transaction does not involve the sale or transfer of real estate from one party to another.").

Because Plaintiff's statutory fraud claim against Defendant is based on a loan transaction, not a real estate transaction, § 27.02(a)(2) does not apply. *See Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 482 (5th Cir. 2013) (stating that district court correctly dismissed statutory fraud claim against mortgage servicer because statute does not apply to loan transaction); *Conner v. Lakeview Loan Servicing, LLC*, 2019 WL 2396173, at *3 (W.D. Tex. June 6, 2019) (dismissing plaintiff's statutory fraud/fraud in real estate claim under § 27.01(a) because statute did not apply where plaintiff's allegations were based on a loan transaction, not a real estate transaction); *Marketic*, 436 F. Supp. 2d at 855 (dismissing statutory fraud claim between mortgagor and a mortgagee since agreement did not involve a sale or transfer or real estate).

### F. Wrongful Foreclosure

Plaintiff also alleges a common law wrongful foreclosure claim against Defendant. Under Texas law, "[a] claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011); *see also Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.). "In other words, in Texas, there is no cause of action for an attempted wrongful foreclosure." *Suarez*, 2019 WL 1048854, at * 7.

Accordingly, Plaintiff fails to state a claim for wrongful foreclosure in this case because no foreclosure sale has occurred. *See id.* ("It is undisputed that, even though Defendant commenced foreclosure proceedings, Plaintiff never lost possession of the Property. As Plaintiff never lost possession of the Property, he seeks damages for an attempted wrongful foreclosure—an action not recognized in Texas."). Accordingly, Plaintiff's wrongful foreclosure claim should also be dismissed.

## G. DTPA

Plaintiff alleges that Defendant violated the Texas DTPA, Tex. Bus. & Com. Code § 17.50(a)(1), by making false, misleading and deceptive acts, and by committing "unconscionable actions." Dkt. No. 1-2 at ¶ 43. Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code Ann. § 17.50(a)(1) (West 2005)). "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no pet.)).

"A mortgagor qualifies as a consumer under the Act if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Id.* at 725. However, a mortgagor challenging how an existing mortgage is serviced is not a "consumer" under the Act "because the basis of [the] claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014); *see also Payne*, 637 F. App'x at 837 (finding that mortgagor did not qualify as a consumer under the DTPA, since her claim was based on bank's lending activities after the purchase of the home).

In the instant case, while Plaintiff borrowed money to purchase her home which was secured by a Deed of Trust, her DTPA claim is based entirely on Defendant's loan servicing and foreclosure activities *after* the purchase of her home. Therefore, Plaintiff is not a consumer under the DTPA because the basis of her claim concerns loan servicing and foreclosure activities, not the goods or services acquired with the Deed of Trust. *See id.* (affirming dismissal of DTPA claim

where plaintiff's claim was "premised entirely on Wells Fargo's lending activities post-purchase"); *Tolliver v. Bank of New York Mellon*, 2019 WL 3937341, at *14 (N.D. Tex. Aug. 5, 2019) (dismissing DTPA claim where plaintiff's allegations related to defendants' servicing and foreclosure activities and loan modification process and thus plaintiff was not consumer under the statute); *Fowler v. U.S. Bank, N.A.*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014) ("Because the basis of Plaintiffs' [DTPA] claim is subsequent loan servicing and foreclosure activities, rather than goods and services acquired in the original loan transaction, Plaintiffs are not consumers under the DTPA with regard to this claim."). Accordingly, Plaintiff's DTPA claim should also be dismissed.

## H. Injunctive and Declaratory Relief

Plaintiff also seeks injunctive and declaratory relief to enjoin Defendant from foreclosing on the Property. Claims for injunctive relief and declaratory relief are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *Ehninger v. PNC Bank N.A.*, 2019 WL 1746296, at *2 (N.D. Tex. Apr. 18, 2019); *Mbache v. Wilmington Trust, Nat'l Ass'n*, 2016 WL 1162200, at *4 n.5 (S.D. Tex. Mar. 24, 2016). "Because a declaratory judgment is 'remedial in nature,' where all of a plaintiff's causes of action are dismissed, a related declaratory judgment claim should also be dismissed." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 250 (5th Cir. 2015) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x. 233, 243 (5th Cir. 2014)). Because Plaintiff has failed to plead any viable causes of action in this case, Plaintiff's requests for declaratory and injunctive relief are unavailable. *See id.*

## IV. RECOMMENDATION

Based on the foregoing, Plaintiff's lawsuit fails to allege sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Accordingly, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Dkt. No. 8) and **DISMISS** Plaintiff's lawsuit in its entirety under Federal Rule of Civil Procedure 12(b)(6).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 26, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE